## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FRANCISCO LEIVA BARRERA**<br>3132 16th Street NW<br>Washington, DC 20010 | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Case No. _____ |
| | * | |
| **NEW DA HSIN TRADING INC.**<br>Serve: Chi-Jung Chiang<br>811 7th Street NW<br>Washington, DC 20001 | * | |
| | * | |
| and | * | |
| | * | |
| **CHI-JUNG CHIANG**<br>811 7th Street NW<br>Washington, DC 20001 | * | |
| | * | |
| **LUISA CHIANG**<br>811 7th Street NW<br>Washington, DC 20001 | * | |
| | * | |
| **RICHARD CHIANG**<br>811 7th Street NW<br>Washington, DC 20001 | * | |
| | * | |
| **Defendants.** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Francisco Leiva Barrera (hereinafter "Plaintiff"), by and through his undersigned counsel, hereby submits this Complaint against Defendants, New Da Hsin Trading, Inc. (hereinafter "New Da"), Chi-Jung Chiang, Luisa Chiang, and Richard Chiang (hereinafter collectively referred to as "Defendants") for violations of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et. seq.* (hereinafter "FLSA"), and the D.C. Wage and Hour Law, D.C. Code §§ 32-1001 *et seq.* (hereinafter "DCWHL").

## PARTIES AND JURISDICTION

1.     Plaintiff Francisco Leiva Barrera is over twenty-one years of age and a resident of the District of Columbia.

2.     Chi-Jung Chiang is an individual over twenty-one years of age and a resident of the District of Columbia.

3.     Luisa Chiang is an individual over twenty-one years of age and a resident of the District of Columbia.

4.     Richard Chiang is an individual over twenty-one years of age and a resident of the District of Columbia.

5.     Chi-Jung Chiang and Luisa Chiang are married.   Richard Chiang is their son. Together, they operate New Da as a family business.

6.     New Da is a corporation formed under the laws of the District of Columbia with its principal office in Washington, DC.

7.     At all times relevant to this action – August 16, 2010 through the present – New Da operated continuously in the District of Columbia, selling wholesales items and souvenirs.

8.     At all times relevant, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA - 29 U.S.C. § 203(s)(l).

9.     At all times relevant, Defendants qualified as an "enterprise" within the meaning of the FLSA - 29 U.S.C. § 203(r).

10.     At all times relevant, Defendants employed two or more employees who handled goods that had previously moved through commerce.

11.     At all times relevant, Defendants have had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

12.     This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331 - Federal Question.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

13.     Prior to filing suit, counsel for Plaintiff discussed settlement of this matter with counsel for Defendants.  Defendants, through counsel, agreed to toll the statute of limitations from August 16, 2013 until September 10, 2013.

## FACTS

14.     At all times during Plaintiff's employment, Chi-Jung Chiang was a manager and, upon information and belief, owner of New Da.

     a.  At all times during Plaintiff's employment, Chi-Jung Chiang had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

     b.  At all times during the period of Plaintiff's employment, Chi-Jung Chiang supervised the work duties of Plaintiff to ensure his work was of sufficient quality.

     c.  At all times during the period of Plaintiff's employment, Chi-Jung Chiang set and controlled the work schedule or had the power to set and the work schedule of Plaintiff.

    d.  At all times during the period of Plaintiff's employment, Chi-Jung Chiang set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiff.

    e.  At all times during the period of Plaintiff's employment, Chi-Jung Chiang controlled, and was in charge of, the day-to-day operations of New Da.

15.    At all times during Plaintiff's employment, Luisa Chiang was a manager and, upon information and belief, owner of New Da.

    a.  At all times during Plaintiff's employment, Luisa Chiang had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

    b.  At all times during the period of Plaintiff's employment, Luisa Chiang supervised the work duties of Plaintiff to ensure his work was of sufficient quality.

    c.  At all times during the period of Plaintiff's employment, Luisa Chiang set and controlled the work schedule or had the power to set and the work schedule of Plaintiff.

    d.  At all times during the period of Plaintiff's employment, Luisa Chiang set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiff.

    e.  At all times during the period of Plaintiff's employment, Luisa Chiang controlled, and was in charge of, the day-to-day operations of New Da.

16.    At all times during Plaintiff's employment, Richard Chiang was a manager of New Da.

    a.  At all times during Plaintiff's employment, Richard Chiang had the power to hire, fire, suspend, and otherwise discipline Plaintiff.

b.  At all times during the period of Plaintiff's employment, Richard Chiang supervised the work duties of Plaintiff to ensure his work was of sufficient quality.

c.  At all times during the period of Plaintiff's employment, Richard Chiang set and controlled the work schedule or had the power to set and the work schedule of Plaintiff.

d.  At all times during the period of Plaintiff's employment, Richard Chiang set and determined the rate and method of pay or had the power to set and determine the rates and methods of pay of Plaintiff.

e.  At all times during the period of Plaintiff's employment, Richard Chiang controlled, and was in charge of, the day-to-day operations of New Da.

17.  Mr. Leiva Barrera worked for you from roughly June 24, 2009 until August 20, 2012.

18.  At all times during the relevant period, Defendants paid Plaintiff $700.00 twice a month.

19.  At all times throughout the course of Plaintiff's employment, Plaintiff typically and customarily worked about sixty (60) hours per week.

20.  Therefore, Plaintiff's effective hourly rate was $5.38 per hour.

21.  The minimum wage under the FLSA is $7.25 per hour.  29 USCS § 206(a)(10)(c).

22.  The minimum wage in the District of Columbia is $8.25 per hour.  D.C. Code § 32-1003.

23.     At all times throughout the course of Plaintiff's employment, Defendants had knowledge that Plaintiff typically worked about sixty (60) hours per week or suffered or permitted Plaintiff to work about sixty (60) hours per week.

24.     At all times throughout the course of Plaintiff's employment, Defendants paid Plaintiff straight pay at Plaintiff's regular bimonthly rate for all hours worked each week, including overtime hours worked each week in excess of forty (40).  At no time during Plaintiff's employment did Defendants pay Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rates of pay for hours worked each week in excess of forty (40).

25.     At no time did Plaintiff perform work that meets the definition of exempt work under the DCWHL or FLSA.

26.     Defendants' failure to pay Plaintiff the required minimum wage and overtime, as required by the FLSA and the DCWHL, was willful and intentional.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

27.     Plaintiff realleges and reasserts each and every paragraph above, as if it were set forth herein.

28.     Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees...for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

29.     Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1).

30.     Defendants were the "employers" of Plaintiff under FLSA, 29 U.S.C. § 207(a)(2).

31.     Defendants, as the employers for Plaintiff, were obligated to compensate the Plaintiff at the overtime rate of one-and-one-half (1½) times their regular rate for all hours worked per week in excess of forty (40).

32.     As set forth above, while in Defendants' employ, Plaintiff worked many overtime hours.

33.     As set forth above, while in Defendants' employ, Defendants failed and refused to compensate Plaintiff at the FLSA required overtime rate equal to one-and-one-half (1½) times their regularly hourly rate for overtime hours worked each week.

34.     Defendants' failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of Federal Fair Labor Standards Act
### (Minimum Wage)

35.     Plaintiff realleges and reasserts each and every allegation set forth herein, as if each were set forth herein.

36.     Section 206(a)(1) of the FLSA provides that no employer shall employ any employee at an hourly wage of less than the Federal Minimum Wage, currently $7.25 per hour.

37.     At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants were the "employers" of Plaintiff.

38.     Defendants were obligated to compensate Plaintiff for all hours worked at an hourly rate not less than the Federal Minimum Wage.

39.     As set forth above, Defendants failed to pay Plaintiff the federal minimum wage of $7.25 per hour.

40.     Defendants paid Plaintiff at a rate that fell below the Federal Minimum Wage.

41.     Defendants have failed and refused to compensate Plaintiff properly and as required by the FLSA for numerous hours worked.

42.     Defendants failure to pay Plaintiff wages as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT III
**Violation of Washington, D.C. Wage and Hour Law**
**(Overtime)**

43.     Plaintiff realleges and incorporates herein the allegations contained in the paragraphs above.

44.     At all times relevant to this Complaint, Defendants violated the Overtime Provisions of the District of Columbia Wage and Hour Law by failing to pay Plaintiff the time and a half for all hours Plaintiff worked over forty (40) that he worked in a particular workweek.

45.     Defendants were, at all times relevant to this complaint, "employers" of Plaintiff within the meaning of the DCWHL.

46.     Plaintiff worked over 40 hours per week, every week (or virtually every week), during the time Plaintiff worked for Defendants.  Despite this, Defendants never paid Plaintiff time and a half the hours he worked over forty in any work week.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff under Count III for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

**COUNT IV**
**Violation of Washington, D.C. Wage and Hour Law**
**(Minimum Wage)**

47.     Plaintiff realleges and reasserts each and every allegation set forth in the paragraphs above, as if each were set forth herein.

48.     Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the meaning of DCWHL.

49.     D.C. Code § 32-1003 requires that employers pay their employees at least one dollar over the federal minimum wage.

50.     Defendants failed to pay Plaintiff at a rate of at least $8.25 per hour for all hours Plaintiff worked.

51.     Defendants' failure to pay Plaintiff the minimum wage, as required by the DCWHL, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable, jointly and severally, to Plaintiff for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Michael K. Amster
Bar Number: 1001110
Amster Law Firm, LLC
200-A Monroe Street, Suite 305
Rockville, MD 20850
Telephone: 240-428-1053
Fax: 301-424-8732
mamster@amsterfirm.com